IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HUGH FRANCIS O'NEILL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civ. No. 10-984-SLR |
| | ) | |
| ELLIOTT COOK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Tara M. DiRocco, Esquire, of Cross & Simon, LLC, Wilmington, Delaware. Counsel for Plaintiffs.

Charles M. Oberly, III, United States Attorney for the District of Delaware, Wilmington, Delaware. Counsel for Defendants. Of Counsel: Elianis N. Perez, Esquire, U.S. Department of Justice, Office of Immigration Litigation.

**MEMORANDUM OPINION**

Dated: December 14, 2011
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiffs Hugh O'Neill ("O'Neill") and Elizabeth Bean ("Bean") filed the present action on November 17, 2010 against Elliott Cook, Field Office Director of the United States Citizenship and Immigration Services ("USCIS"), London, United Kingdom; Perry Rhew, Chief, Administrative Appeals Office ("AAO") of USCIS; Alejandro Mayorkas, Director of USCIS; Janet Napolitano, Secretary of the Department of Homeland Security; Eric Holder, Attorney General of the United States; and USCIS (collectively "defendants"). (D.I. 1 at 1) O'Neill is a native and citizen of Northern Ireland who has been deported from the United States on three separate occasions. (Id. at at ¶¶ 31, 36, 39) On October 27, 2008, plaintiffs filed with USCIS Form I-212, Application for Permission to Reapply for Admission into the United States after Deportation or Removal (the "I-212"), and Form I-601, Application for Waiver of Inadmissibility (the "I-601"). (Id. at ¶¶ 41-42) USCIS denied both applications; O'Neill appealed the denial of the 1-212 to the AAO. (Id. at ¶¶ 43, 48) Plaintiffs allege that USCIS erred in denying the I-212 and the I-601, and that the AAO erred in dismissing the appeal. (Id. at ¶¶ 53-55).

Currently pending before the court is defendants' motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. (D.I. 8) For the reasons that follow, the court grants defendants' motion to dismiss.

## II. BACKGROUND

On April 11, 1993, O'Neill was admitted to the United States for a period of 90 days under the Visa Waiver Program. (D.I. 1 at ¶ 27) O'Neill remained in the United

States for almost ten years after the expiration date of his visa. (*Id.* at ¶ 28, 30) During this period, O'Neill fathered a daughter and met Bean, a U.S. citizen, with whom he had a son. (*Id.* at ¶ 28-29) On January 3, 2002, O'Neill was arrested and detained for assault; on January 28, 2002, Immigration and Customs Enforcement ("ICE") deported O'Neill to the United Kingdom. (*Id.* at ¶ 30-32)

On or around February 11, 2002, O'Neill re-entered the United States using his brother's passport. (*Id.* at ¶ 32) O'Neill was again deported to the United Kingdom under a removal order dated December 15, 2003. (*Id.* at ¶ 36) On January 10, 2004, O'Neill re-entered the United States under the Visa Waiver Program on a new passport in his own name. (*Id.* at ¶ 37) O'Neill and Bean married in Delaware on April 16, 2004. (D.I. 1 at ¶ 38) O'Neill was again deported under a removal order dated March 20, 2006. (*Id.* at ¶ 39)

Under 8 U.S.C. § 1182(a)(9)(A)(ii),[1] aliens who have previously been removed from the United States are inadmissible for ten years from the date of removal. An exception at § 1182(a)(9)(A)(iii), however, permits such an alien to apply for readmission if the Attorney General has given consent at any time prior to the alien's attempted re-embarkation into the United States. (*Id.*) To this end, on October 27, 2008, O'Neill filed the I-212 with USCIS's London Field Office. (D.I. 1 at ¶ 41) Concurrently, Bean filed the I-601 on O'Neill's behalf. (*Id.* at ¶ 42)

On August 24, 2009, USCIS denied the I-212, finding that O'Neill was "inadmissible" under § 1182(a)(9)(C)(i), as an alien who has been ordered removed and

---

[1]Unless specifically noted *infra*, all further statutory references shall be to Title 8 of the United States Code, provisions of the Immigration and Nationality Act ("INA").

2

who enters or attempts to reenter the United States without being "admitted." (*Id.* at ¶ 43) More specifically, the USCIS determined that O'Neill's use of his brother's passport in 2002 "is not an 'admission'" under § 101(a)(13)(A).[2] (*Id.*) Therefore, O'Neill was required to obtain consent to reapply for admission to the United States, pursuant to § 1182(a)(9)(C)(ii), which consent could only be granted if O'Neill had left the United States, was currently abroad, and was seeking admission at least ten years after the date of his last departure. Accordingly, the USCIS denied the I-212 because the required ten-year waiting period had not lapsed since O'Neill's last deportation. USCIS subsequently denied the I-601 "as a matter of discretion" because approval would "serve no purpose" in light of the denial of the I-212, resulting in O'Neill's ten-year bar on applying for readmission. (*Id.* at ¶¶ 45-46, ex. A; D.I. 10 at 9)

On September 24, 2009, O'Neill filed an administrative appeal of the I-212 with the AAO, contending that USCIS had erred in finding O'Neill to be subject to § 1182(a)(9)(C)(i). (D.I. 9, ex. 3) On May 24, 2010, the AAO dismissed O'Neill's appeal, based on the following reasoning. The AAO correctly stated the grounds for the USCIS's denial of the I-212, that is, that O'Neill was "inadmissible pursuant to [§ 1182(a)(9)(C)(i)]" and "not eligible to apply for permission to reapply for admission because he had not remained outside the United States for the required ten years." (D.I. 9, ex. 4 at 2) After indicating that "[t]he entire record was reviewed in rendering a

---

[2]O'Neill had indicated in the I-212 that his re-entry into the United States in 2002 constituted an admission - defined as the "lawful entry of an alien into the United States after inspection and authorization by an immigration officer." § 101(a)(13)(A). In denying the 1-212, the USCIS described O'Neill as submitting "statements from yourself and your brother James O'Neill attesting to the fact that you fraudulently utilized a passport in your brother's name to gain entry into the United States." (D.I. 9, ex. 2 at 2)

3

decision in this case"[3] (*id.*), the AAO cited § 1182(a)(6)(C)(i), which provides that "[a]ny alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit provided under this Act is inadmissible." The AAO also cited to the statutory language allowing the Secretary of Homeland Security to waive the application of subsection (a)(6)(C)(i). Despite reciting all of the background facts accurately to this point, the AAO's conclusion is not a model of clarity. First, although the AAO correctly stated that there had been no appeal of the I-601 decision,[4] the AAO intimates that the decision to deny the I-601 was a substantive one based on the application of § 1182(a)(6)(C)(i), a statutory provision never identified in the USCIS decision. As noted above, the I-601 (requesting a waiver of inadmissibility) was denied because the I-212 (requesting permission to reapply for admission) had already been denied. The final conclusory paragraph of the AAO's decision indicates that the AAO, while cognizant of the facts, had the procedural history of these applications confused:

> In that the field office director has found the applicant to be ineligible for a waiver of inadmissibility [I-601] . . . and the applicant has failed to file a timely appeal, no purpose would be served in the favorable exercise of discretion in adjudicating the application to reapply for admission into the United States under [§ 1182(a)(9)(A)(iii)]. Accordingly, the appeal of the field office director's denial of the Form I-212 will be dismissed as a matter of discretion.

(*Id.* at 3) In other words, the AAO reversed the order in which the USCIS decided the issues in this matter. Plaintiffs filed this suit seeking a declaratory judgment pursuant to

---

[3]Noting that O'Neill's "admission was gained by fraud because [he] had been previously removed from the United States and was aware that he required a waiver for his prior removals and his prior admission by fraud." (D.I. 9, ex. 4 at 2)

[4]At least, that appears to be the case from the record at bar.

4

28 USC § 2201(a) on November 17, 2010. (D.I. 1 at 1)

On May 15, 2011, defendants moved to dismiss O'Neill's complaint under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). (D.I. 8) Defendants argue that: (1) the court cannot grant O'Neill meaningful relief because O'Neill is inadmissible under multiple provisions of the INA, including both §§ 1182(a)(6)(C)(i) and 1182(a)(9)(C)(i); and (2) the court lacks subject matter jurisdiction over the denial of the I-601 because discretionary agency decisions are not judicially reviewable. (D.I. 9 at 7-8) Plaintiffs assert, however, that: (1) the AAO erroneously declared O'Neill inadmissible under 8 U.S.C. § 1182(a)(6)(C)(i); (2) O'Neill is not inadmissible under 8 U.S.C. § 1182(a)(9)(C)(i); (3) relief can be given to the effect of allowing plaintiffs to apply for permission to reapply for admission to the United States within ten years even if O'Neill is inadmissible under other INA provisions; and (4) the court has subject matter jurisdiction because the USCIS's denial of the I-601 was not an exercise of discretion, but rather a refusal to render a decision, and because the AAO's decision was factually and legally erroneous. (D.I. 10 at 7, 9-10, 12)

## III. STANDARD OF REVIEW

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for lack of jurisdiction over the subject matter, or if the plaintiff lacks standing to bring his claim. A motion brought under Rule 12(b)(1) may present either a facial or factual challenge to the court's subject matter jurisdiction. When a party files a motion to dismiss attacking subject matter jurisdiction, the court must first determine if the motion is a factual attack or a facial attack. *CNA v. United States*, 535 F.3d 132, 139 (3d Cir.

5

2008). In reviewing a facial challenge under Rule 12(b)(1), the standards relevant to Rule 12(b)(6) apply. In this regard, the court must accept all factual allegations in the complaint as true, and the court may only consider the complaint and documents referenced in or attached to the complaint. *Gould Elec. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). In reviewing a factual challenge to the court's subject matter jurisdiction, the court is not confined to allegations of the complaint, and the presumption of truthfulness does not attach to the allegations in the complaint. *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Instead, the court may consider evidence outside the pleadings, including affidavits, depositions and testimony, to resolve any factual issues bearing on jurisdiction. *Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997). Once the court's subject matter jurisdiction over a complaint is challenged, plaintiff bears the burden of proving that jurisdiction exists. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.3d 1405, 1409 (3d Cir. 1991).

### B. Motion to Dismiss for Failure to State a Claim

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. The court must accept the factual allegations of the non-moving party as true and draw all reasonable inferences in its favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of

6

the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief." *Id.* at 211; *see also Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 579. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

> In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. A document forms the basis of a claim if the document is "integral to or explicitly relied upon in the complaint." The purpose of this rule is to avoid the situation where a plaintiff with a legally deficient claim that is based on a particular document can avoid dismissal of that claim by failing to attach the relied upon document. Further, considering such a document is not unfair to a plaintiff because, by relying on the document, the plaintiff is on notice that the document will be considered.

*Lum v. Bank of Am.*, 361 F.3d 217 n.3 (3d Cir. 2004) (internal citations omitted); *see*

7

*also In re Burlington Coat Factory Sec. Litig.*, 11 F.3d 1410, 1426 (3d Cir. 1997).

## IV. DISCUSSION

### A. I-601[5]

Plaintiffs assert that the court possesses subject matter jurisdiction to review USCIS's decision to deny O'Neill's I-601 pursuant to the Administrative Procedures Act ("APA"), 5 U.S.C. § 701 *et seq.*, 28 U.S.C. § 1331; the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*; and the All Writs Act, 28 U.S.C. § 1651. (D.I. 1 at 5-6) Plaintiffs argue that USCIS, in denying the I-601 on the basis of O'Neill's failed I-212, was actually refusing to exercise any discretion at all. (*Id.*) As such, according to plaintiffs, the court has jurisdiction over USCIS for unlawfully withholding agency action, pursuant to 5 U.S.C. § 706(1), and for rendering a nondiscretionary legal determination over which the jurisdictional bar at 8 U.S.C. § 1182(a)(2)(B)(ii) does not apply. (*Id.* at 9, 11)[6]

---

[5]In approaching the question of subject matter jurisdiction over USCIS's denial of plaintiffs' applications and the AAO's denial of O'Neill's appeal, it is necessary to first determine if defendants' motion is a facial or factual attack. The court notes that defendants' brief (D.I. 9) does not explicitly attack subject matter jurisdiction over the AAO's decision, but it is presumably implied as part of "the remainder of O'Neill's complaint." (D.I. 9 at 8)) A facial attack concerns "an alleged pleading deficiency," while a factual attack concerns "the actual failure of [a plaintiff's] claims to comport [factually] with the jurisdictional prerequisites." *CNA*, 535 F.3d at 139 (quoting *U.S. ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 512 (3d Cir. 2007)). In the case at bar, defendants argue that the court lacks jurisdiction because, notwithstanding plaintiffs' claims, plaintiffs' applications were, in fact, denied as a matter of discretion. (D.I. 9 at 8) Accordingly, defendants' motion is a factual attack, unconcerned with the sufficiency of plaintiffs' pleadings. The court may consider evidence outside the pleadings to resolve factual issues bearing on jurisdiction.

[6]Plaintiffs also contend that the court retains jurisdiction over the AAO's denial of the I-212 because the AAO refused to adjudicate O'Neill's appeal on the basis of erroneous facts and, thus, the AAO's finding is nondiscretionary. (D.I. 10 at 12) The I-212 will be addressed under Rule 12(b)(6).

8

### 1. Standards

#### a. APA

The APA allows federal courts to review final agency actions "made reviewable by statute...for which there is no other adequate remedy in court." 5 U.S.C. § 704. The APA "operates in conjunction with" 28 U.S.C. § 1331, which provides that district courts have original jurisdiction over all civil actions that raise a federal question, creating "a presumption of federal question jurisdiction over agency actions." *Chen v. Rice*, Civ. No. 07-4462, 2008 WL 2944878, at *2 (E.D. Pa. July 28, 2008); *Mikhailik v. Ashcroft*, Civ. No. 04-0904, 2004 WL 2217511, at *2 (N.D. Cal. Oct. 1, 2004). For jurisdiction under the APA, the agency action at issue "must be final, it must adversely affect the party seeking review, and it must be non-discretionary." *Pinho v. Gonzales*, 432 F.3d 193, 200 (3d Cir. 2005). The INA's jurisdictional bar, 8 U.S.C. §1252(a)(2)(B)(ii), which strips the district courts of jurisdiction over discretionary agency interpretations, does not preclude judicial review of non-discretionary agency actions and purely legal determinations. *Robinson v. Napolitano*, 554 F.3d 358, 360 (3d Cir. 2009) (citing *Pinho*, 432 F.3d at 204).

#### b. Declaratory Judgment Act

The Declaratory Judgment Act, 28 U.S.C. § 2201, states that the court may "declare the rights and other legal relations of any interested party seeking such declaration," provided that there exists an "actual controversy within its jurisdiction." Where the court lacks an independent basis for jurisdiction under other statutes, however, the court does not posses the "authority to issue a declaratory judgment." *Barbour v. Holder*, Civ. No. 09-3062, 2010 WL 269070, at *8 (D.N.J. June 28, 2010)

9

(holding that the court could not issue a declaratory judgment where the court lacked jurisdiction over a claim under three statutes, including the APA); *see Exxon Corp. v. Hunt*, 683 F.2d 69, 72 (3d Cir. 1982) (noting that the Supreme Court cautioned against "entertaining a declaratory complaint that did not really present a federal question").

### c. All Writs Act

Although plaintiffs do not specifically assert mandamus, the court finds it appropriate to consider such jurisdiction given plaintiffs' claim that the AAO's alleged error provides the court with jurisdiction, and given that plaintiff specifically asserts jurisdiction under the All Writs Act. *See United States v. Christian*, 660 F.2d 892, 894 (3d Cir. 1981) (explaining that "to satisfy the jurisdictional prerequisite, it is not necessary that a case be pending in the court asked to issue the writ"). (D.I. 1 at ¶¶ 17, 57) The mandamus statute, 28 U.S.C. § 1361, provides that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." Further, the All Writs Act, 28 U.S.C. § 1651, provides that "all courts established by Acts of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." The Third Circuit has interpreted the All Writs Act to provide that courts have jurisdiction to issue writs of prohibition and mandamus "only 'in aid of' [a court's] jurisdiction." *In re Wallace*, Civ. No. 11-1508, 2011 WL 2864732, at *1 (3d Cir. July 20, 2011). Accordingly, it is "well-settled that [the court] may issue such writs only if there is an independent basis for subject matter jurisdiction." *Id.*

### 2. Analysis

10

### a. Jurisdiction under the APA

The USCIS concluded that O'Neill was inadmissible under § 1182(a)(9)(C) and, although USCIS is authorized to consent to O'Neill's reapplying for admission by granting Form I-212, USCIS had by then already denied O'Neill's I-212. (D.I. 1, ex. A) In USCIS's judgment, it would "serve no purpose" to allow the I-601 to proceed; consequently, USCIS denied the I-601. *Id.*

The denial of an I-601 waiver application is solely a discretionary decision. *Addo v. Mukasey*, 267 F. App'x 442, 448 (6th Cir. 2008) (holding that the court lacks jurisdiction to review an immigration judge's refusal to grant an I-601, because such a decision is "entirely discretionary"). Unlike the statute governing applications for adjustment of status (§ 1255(a)), which the Third Circuit held in *Pinho* to be non-discretionary and purely legal, applications for waivers of inadmissibility pursuant to § 1182(i) do not require agencies to make legal determinations regarding an alien's eligibility for the requested relief. *Addo*, 267 F. App'x at 445-46, 448-49; *Pinho*, 432 F.3d at 203-04. Indeed, the INA's waiver provision only stipulates a discretionary determination that extreme hardship will result if the I-601 is denied. *Addo*, 267 F. App'x at 449. Even extreme hardship, however, is not a necessary element of inadmissibility waivers, because the ultimate grant of relief lies in the discretion of immigration agencies. *Id.* at 449 (holding that an agency may reach a conclusion regarding an I-601 as a matter of discretion without taking extreme hardship into consideration).

USCIS's decision to deny the I-601 in the interest of conserving resources, therefore, was an appropriate exercise of agency discretion. Consequently, the court lacks subject matter jurisdiction to review the decision under the APA.

11

### b. Jurisdiction under the Declaratory Judgment Act and the All Writs Act

Because the court lacks jurisdiction to review USCIS's decision to deny the I-601 under the APA, there is no independent basis for jurisdiction under either the Declaratory Judgment Act or the All Writs Act. Therefore, defendants' motion to dismiss shall be granted as it relates to plaintiffs' I-601 claims.

### B. I-212

Plaintiffs allege that the AAO was factually erroneous in denying O'Neill's 1-212 appeal, and this error of fact provides the court with jurisdiction. Although *Pinho*, as discussed *supra*, holds that an agency action must be non-discretionary for courts to retain jurisdiction under the APA, there is legal authority standing for the proposition that a court may retain jurisdiction over an agency decision where "important facts have been totally overlooked or seriously mischaracterized," creating an error of law. *Chen v. Napolitano*, 651 F. Supp. 2d 63, 69-70 (S.D.N.Y. 2009) (citing *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009)); *see Pareja v. Att'y Gen.*, 615 F.3d 180, 188 (3d Cir. 2010) (quoting *Mendez* and holding that, where the Board of Immigration Appeals' determination of hardship is allegedly based on "fact-finding which is flawed by an error of law," the Third Circuit's "jurisdiction to review that determination is secure"); *see also Soltane v. United States Dep. of Justice*, 381 F.3d 143, 148 (3d Cir. 2004). Under the APA, 5 U.S.C. § 706, a decision is deemed to be arbitrary or capricious "when the decision maker failed 'to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency

12

expertise.'" *Washington v. Donley*, Civ. No. 08-493, 2011 WL 3268076, at *4 (D. Del. July 29, 2011) (citation omitted).

As noted above, the AAO did, in fact, mischaracterize the record below. For purposes of this proceeding, the court will assume that the erroneous characterization is so substantial as to create an error of law, thereby conferring jurisdiction on the court. The court, therefore, will proceed to address defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6), to determine whether plaintiffs have asserted a cause of action for which relief can be granted.

The court starts its analysis with the undisputed facts of record, that is, that O'Neill overstayed his 1993 admission to the United States by almost ten years, was deported in January 2002, fraudulently utilized his brother's passport to gain re-entry into the United States in February 2002, was thereafter deported in December 2002, re-entered the United States in 2004 without complying with the requirements of the INA, and was deported once again in 2006. The court agrees with defendants that O'Neill is inadmissible under multiple provisions of the INA, including §§ 1182(a)(6)(C)(i) (an alien who seeks admission through fraud is inadmissible) and 1182(a)(9)(C)(i)(II) (an alien is inadmissible and ineligible for a waiver until ten years elapse from his last departure).[7] He, therefore, is statutorily ineligible for relief.

Despite the AAO's mischaracterization of the procedural history of the matter, the fundamental decision of the AAO is consistent with that of the USCIS, to wit, because

---

[7]*See also* §§ 1182(a)9)(A)(i)(II) and (a)(9)(B), which provisions also make him inadmissible as an alien previously removed, an alien unlawfully present after previous immigration violations, and an alien subject to the ten-year bar.

13

O'Neill is "inadmissible," he is ineligible for a waiver of inadmissibility. Under these circumstances, the court concludes that it cannot grant plaintiffs meaningful relief; therefore, their complaint shall be dismissed under Rule 12(b)(6), because they have failed to state a claim upon which relief can be granted. *See, e.g., Grewal v. U.S. Citizenship & Immigration Servs.,* 409 Fed. Appx. 598, 600-01 (3d Cir. 2011) (granting motion to dismiss for failure to state a claim where plaintiff's complaint and documents appended to the complaint established that plaintiff was statutorily ineligible for relief); *Garcia-Padilla v. U.S. Atty. Gen.*, 410 Fed. Appx. 184, 185 and 189 (11th Cir. 2010) (court affirmed the Board of Immigration Appeal's determination that plaintiff was inadmissible under § 1182(a)(9)(C)(i)(II) where plaintiff "was admitted into the United States . . . but he did not possess or present any valid entry documents."); *Spanu v. Napolitano*, Civ. No. 08-6193, 2009 WL 3128814, at *2 (D.N.J. Sept. 25, 2009) (granting motion to dismiss where plaintiff failed to allege facts or law that tend to establish that USCIS's statutory interpretation is "plainly erroneous or inconsistent with the regulation."); *Mashai v. I.N.S.*, 256 F. Supp. 2d 371, 372 (E.D. Pa. 2003); *In re Briones*, 24 I. & N. Dec. 355 (BIA 2007).

## V. CONCLUSION

For the reasons stated, the court grants defendants' motion to dismiss. An appropriate order shall issue.